## 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

NEWTON v. THE COMMONWEALTH.

BURRUSS v. THE COMMONWEALTH.

DECEMBER 9th, 1886.

Absent, LEWIS, P.

LEGISLATURE—*Rules of evidence— U. S. Constitution.*—It is the province of the law-making power of the State to prescribe rules of evidence to govern the procedure in her own courts. The U. S. Constitution has no application to the subject. See *Cornwall* v. *The Commonwealth, ante,* p. 644.

Error to two judgments of corporation court of Norfolk, rendered 8th October, 1886, in separate proceedings under act of January 14th, 1882, by C. W. Newton and by Nathaniel Burruss, respectively, to verify coupons tendered by them severally to pay their taxes for 1885.

At the trial Newton offered expert evidence to prove the genuineness of the coupons. The court excluded the evidence under act of January 21, 1886. The plaintiff excepted, insisting that the act was repugnant to U. S. Constitution. Art. I, sec. 10. Verdict and judgment for the Commonwealth.

Burruss did not offer any such expert evidence, but himself testified he had bought the coupons in open market, had never owned the bonds and could not produce them, and offered the coupons themselves as evidence. Production of the bonds was

demanded under act of January 26th, 1886. The bonds not being produced, the coupons were excluded as evidence. Burruss excepted. No other evidence was offered, and verdict and judgment were for the Commonwealth. To the judgments writs of error were awarded by a judge of this court.

*Dillard & Dillard,* and *Sands & Bryan,* for the plaintiffs in error.

*R. A. Ayers,* Attorney-General, and *W. R. Meredith,* for the Commonwealth.

LACY, J., delivered the opinion of the court.

These cases are, like the case of Cornwall against Commonwealth, coupon cases. In both of these cases the plaintiffs asserted an inability to produce the bonds from which the coupons had been cut.

In Burruss against The Commonwealth no expert testimony was offered, and there was no proof of the genuineness of the coupons unless they could prove themselves.

In Newton against The Commonwealth Burruss, the above-named plaintiff in error, offered to act as expert for Newton; but the court refused to receive his evidence.

The court did not err in requiring the production of the bond from which the coupons were cut. The law of this State so requires, and the same is true as to the attempted use of expert testimony. As has been said in *Cornwall* v. *The Commonwealth, ante,* p. 644, it is the province of the Legislature of Virginia to prescribe rules of evidence to govern the procedure in her own courts, and the Constitution of the United States has no application to the subject.

The obligation of a contract is not affected in any way by a

rule of evidence which is prescribed by the law-making power of the State to apply to proceedings in the courts of the State.

The 10th section of the first article of the U. S. Constitution has no application to the subject. These are suits against the State. In the Burruss case there is no proof at all, and in the Newton case there is no legal proof.

In both cases the decision is right. The verdict of the jury ought not to have been set aside by the court, and can, upon no principle, be disturbed in this court.

The judgment in both cases is affirmed.

JUDGMENTS AFFIRMED.